

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Royall R. Watkins, Member
State Board of Education
1201 Main Street
Dallas, Texas

Dear Mr. Watkins:

Opinion No. O-5740

Re: Transfer by contract of entire
scholastic enrollment, under Article
8, House Bill 284, 47th Legislature
-- effect on boundaries of receiving
district.

Your letter of recent date poses two questions for
the consideration of this Department. We take the liberty
of restating them, as follows:

1. When one school district transfers by contract,
under Article 8, House Bill 284, 47th Legislature, its en-
tire scholastic enrollment to another district, is the re-
ceiving district deemed to embrace the territory of the send-
ing district, for the purpose of determining whether it is
entitled to transportation aid, and the amount thereof, under
territorial provisions of Section 1, Article 5, of House Bill
284?

2. If the foregoing question is answered in the
affirmative, then, if by such transfer the receiving dis-
trict's territory is enlarged to 118.6 square miles, would
such district be rendered ineligible for State aid under
territorial provisions of Section 1, Article 1, House Bill
284?

Article 8, House Bill 284, provides:

"Section 1. For the school year 1941-42, upon
the agreement of the Board of Trustees of the dis-
tricts concerned or on petition signed by a major-
ity of the qualified voters of the district and sub-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ject to the approval of the County Superin-
tendent, State Superintendent, and Joint
Legislative Advisory Committee, the trustees
of a district which may be unable to main-
tain a satisfactory school may transfer its
entire scholastic enrollment, or any number
of grades thereof, to a convenient school of
higher rank, and in such event, all of the
funds of the district, including the State
Aid to which the district would otherwise be
entitled under the provisions of this Act,
or such proportionate part thereof as may be
necessary shall be used in carrying out said
agreement; provided that no aid shall be al-
lowed for teachers that are not actually em-
ployed in the contracting schools.

"Sec. 2. For the school years there-
after, upon the agreement of the Board of
Trustees of the districts concerned or on
petition signed by a majority of the quali-
fied voters of the district and subject to
the approval of the county superintendent,
and the State Superintendent, a district
which may be unable to maintain a satis-
factory school may transfer its entire
scholastic enrollment for one year to an
accredited school of higher rank. If the
receiving school receives State Aid, the
scholastic census rolls both white and
colored shall be combined, the per capita
apportionment shall be paid direct to the
receiving school, all local taxes of the
sending contracting district, except those
going to the interest and sinking fund shall
be credited to the receiving school by the
Tax Collector as collected, and the teacher-
pupil quota shall be based on the combined
census total. If the receiving school is
not a State Aid school, the scholastic cen-
sus rolls both white and colored shall be
combined, the per capita apportionment shall
be paid direct to the receiving school, all
local taxes of the sending contracting dis-
trict except those going to the interest and
sinking fund shall be credited to the receiv-

ing school by the Tax Collector as collected,
and the sending contracting district will be
eligible for as much Salary Aid as is neces-
sary to supplement the State Available and
Local Maintenance Funds, on the scholastics
from the sending district attending a school
in the receiving district, to cover the ap-
proved cost of instruction per scholastic in
the receiving school, provided that such ap-
proved cost shall not exceed Seven Dollars and
Fifty Cents ($7.50) per month for high school
students or Five Dollars ($5.00) per month for
elementary students."

Neither Section of such Article of the Act pur-
ports in anywise to authorize a consolidation of the two
districts. The Article does not speak in terms of merging
the territory of the sending district with that of the re-
ceiving district, but provides for a transfer of the scholas-
tic enrollment.

". . . the article . . . merely deals with
the transfer of school children and school funds
from one district to another. . . and not in any
way affecting or providing for consolidation of
districts." Drake v. Yawn, 248 S. W. 726, 732,
writ of error refused.

The territory of the sending district, therefore,
is not to be regarded as part of the territory of the receiv-
ing district for the purpose of applying the proviso in Sec-
tion 1, Article 5, of the Act, allowing transportation aid
of $2.00 per pupil to school districts containing 100 square
miles of territory or more.

This negative answer to your first question renders
unnecessary a consideration of your second inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant

APPROVED DEC 20 1943
FIRST ASSISTANT
ATTORNEY GENERAL
RWF-MR

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN